```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
CARMINE M. CARPINONE,                             :
                                                  :      11 Civ. 2074 (PAE)
                              Plaintiff,          :
                                                  :      OPINION & ORDER
              -v-                                 :
                                                  :
THE CITY OF NEW YORK,                             :
                                                  :
                              Defendant.          :
                                                  :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

  Plaintiff Carmine M. Carpinone ("Carpinone") brings this action against defendant the City of New York ("the City") under 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment rights. Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, defendant's motion is granted, and this case is dismissed with prejudice.

## I.  Background[1]

  The facts which provide the basis for this lawsuit, as presented in the Complaint, are few. The Complaint provides the following account: On or about September 19, 2010, at approximately 4:00 a.m., Carpinone was "wrongfully assaulted" by members of the New York City Police Department while they were effectuating his arrest on West 12th Street in Manhattan. Carpinone alleges that the New York City Police Department "failed to prevent" this wrongful assault, "although it could have done so in the exercise of reasonable care." The criminal matter

---

[1] As this case is currently before the Court on a motion for judgment on the pleadings, all facts in the plaintiff's Complaint must be taken as true. Therefore, the account of the underlying facts in this case is drawn from the Complaint. No further citation to sources will be made.

for which Carpinone was arrested, which bore the New York State criminal docket number 2010NY0069518, has since been resolved.  As a result of the alleged wrongful assault, Carpinone sustained physical injuries which have required, and will continue to require, medical treatment.

On March 24, 2011, plaintiff filed his Complaint in this case.  He named as defendants the City of New York and Police Officer John Does 1-6.  On September 30, 2011, counsel for the City, writing on behalf of all parties, informed the Court that, on August 22, 2011, he had provided plaintiff's counsel with the names of the two officers involved in Carpinone's arrest.  On October 13, 2011, the Court ordered plaintiff to file an amended complaint no later than October 28, 2011, naming the individual police officers involved in his arrest as defendants.  Plaintiff failed to file an amended complaint by that date.  On November 1, 2011, the Court issued an order that, no later than November 8, 2011, plaintiff show good cause for his failure to comply with the Court's October 13 Order.  Plaintiff failed to respond to the Court's November 1 Order; accordingly, on November 21, 2011, the Court dismissed all claims against individual police officers, leaving only Carpinone's claim against the City.

On January 12, 2012, the Court issued an Order setting out a briefing schedule for the City's anticipated motion for judgment on the pleadings.  The City filed its motion on January 31, 2012, in accordance with the January 12 Order.  The deadline for Carpinone's opposition was March 2, 2012; plaintiff failed to submit opposition papers, timely or otherwise.

## II.     Legal Standard on a Rule 12(c) Motion

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *Ades & Berg Grp. Investors v. Breeden (In re Ades & Berg Grp. Investors)*, 550 F.3d 240, 243 n.4 (2d Cir. 2008) (citing *Burnette v.*

*Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)); *see also U.S. Life Ins. Co. v. Blum*, No. 09-cv-9416, 2011 U.S. Dist. LEXIS 1531, at *10 (S.D.N.Y. Jan. 3, 2011).  Under that standard, a court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010) ("We review the district court's grant of a Rule 12(b)(6) motion to dismiss *de novo*, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.").

To survive a motion for judgment on the pleadings, the complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), such that those allegations, when accepted as true, "state a claim for relief that is *plausible on its face*."  *S. Cherry St. LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (emphasis in original).

**III.    Analysis**

Plaintiff's sole remaining claim is his §1983 action against the City.  Because Carpinone's Complaint fails to state a claim for *Monell* liability, this case must be dismissed.

Local governing bodies, such as the City, may be sued directly under § 1983 only where "a violation of rights resulted from the 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"  *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).  In order to demonstrate *Monell* liability in this Circuit, plaintiff must show, in addition to a violation of his constitutional rights:  "(1) the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]; and (2) a causal connection—an 'affirmative link'—between the policy and the

deprivation of his constitutional rights." *Harper v. City of New York*, 424 F. App'x 36, 38 (2d Cir. 2011) (summ. order) (citing *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)) (internal quotation marks omitted).

Even taking all allegations in the plaintiff's complaint as true, plaintiff alleges nothing that can be construed as a municipal policy or custom that led to the violation of his constitutional rights. In describing the conduct of the individual officers, he states only that they "wrongfully assaulted him," which resulted in "physical injury." It is unclear to this Court that such a bare-bones description of the individual officers' behavior would, were the individual officers' liability still at issue in this case, meet the plausibility standard for pleading. *See, e.g.*, *Iqbal*, 129. S. Ct. at 1949 ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (internal quotation marks and citation omitted). Municipalities may not, in any case, be held responsible for the torts of their employees under § 1983 through the theory of *respondeat superior*. *DeFabio v. E. Hampton Union Free Sch. Dist.*, 623 F.3d 71, 76 (2d Cir. 2010) (citing *Monell*, 436 U.S. at 694).

Therefore, Carpinone's only remedy lies under *Monell*, and the Complaint falls far short of pleading a plausible theory of municipal liability. Plaintiff's allegations as to the existence of a municipal policy or custom consist solely of the conclusory statement that the New York City Police Department "could have [prevented the wrongful assault] in the exercise of reasonable care" and a run-down of the legal elements of a *Monell* claim. Plaintiff's Complaint is a paradigmatic pleading that contains no more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," neither of which move the allegations in the Complaint across the line from possible to plausible. Complaint across the line from possible to plausible. *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). Plaintiff

offers no facts which would render plausible his allegations of a policy or custom within the New York City Police Department that was affirmatively linked to the purported constitutional violations he suffered.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is GRANTED, and this case is dismissed with prejudice. The Clerk of the Court is instructed to terminate the motion pending at docket entry number 17 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 8, 2012
       New York, New York

5